

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| NORTHSTAR BALLOONS LLC, | ) | |
| | ) | Civil Action No. 14-cv-_____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| AMSCAN INC., | ) | |
| AMSCAN HOLDINGS INC., | ) | |
| ANAGRAM INTERNATIONAL, INC., | ) | |
| PARTY CITY CORPORATION, | ) | |
| and XYZ COMPANIES 1 through 10, | ) | |
| | ) | |
| Defendants. | ) | **JUDGE ROMAN** |
| | ) | |

FILED

MAY 15 2014

USDC WP SDNY

14 CV 3500

Plaintiff Northstar Balloons LLC, complaining of Defendants Amscan Inc., Amscan Holdings Inc., Anagram International, Inc., Party City Corporation and XYZ Companies 1 – 10, alleges as follows:

## NATURE OF ACTION

1.      This is an action for patent infringement in violation of 35 U.S.C. § 271, and unfair competition in violation of the common law of the State of New York.

## THE PARTIES

2.      Plaintiff Northstar Balloons LLC ("Northstar") is a Minnesota corporation with a principal place of business at 17100 Medina Road, Suite 800, Minneapolis, Minnesota 55447.

3.    Upon information and belief, Defendant Amscan Inc. ("Amscan") is a New York corporation with a principal place of business at 80 Grasslands Road, Elmsford, New York 10523.

4.    Upon information and belief, Defendant Amscan Holdings Inc. ("Amscan Holdings") is a Delaware corporation with a principal place of business at 80 Grasslands Road, Elmsford, New York 10523.

5.    Upon information and belief, Defendant Anagram International, Inc. ("Anagram") is a Minnesota corporation with offices in Eden Prairie, Minnesota.

6.    Upon information and belief, Defendant Party City Corporation ("Party City") is a Delaware corporation with offices in Rockaway, New Jersey, and, at all relevant times, has been authorized to transact business in New York as a foreign corporation under N.Y. Gen. Bus. L. § 1304.

7.    Upon information and belief, Amscan, Amscan Holdings, Anagram, Party City and the entity Party City Holdings Inc. ("Party City Holdings") are all affiliated companies under common ownership and control.

8.    On or about October 4, 2013, Party City Holdings filed a Registration Statement with the U.S. Securities and Exchange. The Registration Statement identified the principal executive offices of both Anagram and Party City as 80 Grasslands Road, Elmsford, New York 10523.

9.    Upon information and belief, Defendants XYZ Companies 1 through 10 ("XYZ Companies") are corporate affiliates of Amscan, Amscan Holdings, Anagram, Party City and Party City Holdings. Upon information and belief, XYZ Companies – whose identity Northstar

2

presently does not know – have participated with Amscan, Amscan Holdings, Anagram and Party City in committing the acts of patent infringement and unfair competition complained of below.

## SUBJECT MATTER JURISDICTION

10.     The Court has subject matter jurisdiction over Northstar's claim for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).  The Court has subject matter jurisdiction over Northstar's state law claim for unfair competition pursuant to 28 U.S.C. §§ 1338(b) and 1367(a).

## PERSONAL JURISDICTION AND VENUE

11.     The Court may exercise personal jurisdiction over defendants because, upon information and belief, each of Amscan, Amscan Holdings, Anagram and Party City does business in New York or is authorized to transact business in New York; and/or maintains its principal executive offices in New York; and/or solicits substantial business in New York; and/or derives substantial revenue from goods used or consumed, and/or services rendered, in New York.

12.     Venue with respect to Northstar's claim for patent infringement is properly lodged in this Judicial District under 28 U.S.C. § 1400(b) because, upon information and belief, defendants all maintain their principal executive offices at 80 Grasslands Road, Elmsford, New York 10523 and therefore all reside within this Judicial District for purposes of 28 U.S.C. § 1391(c). Venue with respect to Northstar's state law claim for unfair competition is properly lodged in this Judicial District under 28 U.S.C. § 1391(b).

3

13.     Assignment to the White Plains Courthouse is proper under Rule 18(a) of the Court's Rules for the Division of Business Among District Judges, because at least half of the parties reside in Westchester County, New York.

## FIRST CAUSE OF ACTION

## (Patent Infringement – 35 U.S.C. § 271)

14.     Northstar repeats and re-alleges the allegations contained in Paragraphs 1 through 13 as if fully set forth herein.

**A.     The Parties**

15.     Northstar designs, manufactures and distributes balloons.

16.     Upon information and belief (specifically, the complaint filed by Amscan in this Court in the civil action *Amscan Inc. et al. v. Shutter Shades, Inc. et al.*, 13-civ-1112), Amscan is a designer, manufacturer and marketer of party goods, including balloons.

17.     Upon information and belief, Party City is the largest retailer of party goods, including balloons, in the United States and Canada.

18.     Upon information and belief (specifically, the complaint filed by Amscan Holdings in this Court in the civil action *Amscan Holdings, Inc. et al. v. PICC Property and Casualty Company Limited*, 14-cv-1689), Amscan Holdings operates party goods stores, principally under the name PARTY CITY.

**B.     Northstar's '848 Patent**

19.     On December 17, 2013, the United States Patent Office duly and lawfully issued United States Patent No. D 695,848, entitled "Balloon Letters and Numbers" (the "'848 Patent"),

4

to Northstar for an invention consisting of an ornamental design for balloon letters and numbers. A copy of the '848 Patent is attached as Exhibit 1.

20.     The visual appearance as a whole of the patented design reflects a novel typeface (the "Northstar Typeface"), as applied to balloons shaped as letters and numbers, whose attributes include upright san serif alphanumeric characters of uniform height that are sculpted and have round edges.

21.     Northstar has commercially embodied the '848 Patent in a line of balloons that are shaped in the form of the letters "A" through "Z" and the numbers "0" through "9" (the "Northstar Product Line").

22.     Northstar launched the Northstar Product Line during the summer of 2012.

C.     Defendants' Willful Infringement of the '848 Patent

23.     Upon information and belief, Anagram began to manufacture – and Amscan, Party City and/or Amscan Holdings began to sell – balloons shaped in the form of the numbers "0 through "9" as early as 2005 ("Defendants' Pre-Infringement Product Line").

24.     Defendants sold Defendants' Pre-Infringement Product Line under the brand name SuperShape™.

25.     Upon information and belief, shortly after Northstar launched the Northstar Product Line in the summer of 2012, Anagram or Amscan re-designed Defendants' Pre-Infringement Product Line by deliberately copying the Northstar Typeface.

26.     Upon information and belief, Amscan, Party City and/or Amscan Holdings began selling the redesigned balloons ("Defendants' Infringing Product Line") in 2014.

5

27. Upon information and belief, Amscan, Party City and Amscan Holdings are currently selling and offering Defendants' Infringing Product Line for sale.

28. Defendants' Infringing Product Line copies the novel, non-functional features of the ornamental design claimed by the '848 Patent.

29. The illustration below compares the balloons from Defendants' Infringing Product Line against corresponding drawings from Northstar's '848 Patent.



| Defendants' Infringing Product Line (in a deflated condition) | Northstar '848 Patent (in a deflated condition) |
|---|---|
|  | FIG. 443 |

| Defendants' Infringing Product Line (in a deflated condition) | Northstar '848 Patent (in a deflated condition) |
|---|---|
|  | \nFIG. 459 |
|  | \nFIG. 475 |



| Defendants' Infringing Product Line (in a deflated condition) | Northstar '848 Patent (in a deflated condition) |
|---|---|
| | FIG. 491 |
| | FIG. 507 |

8

| Defendants' Infringing Product Line (in a deflated condition) | Northstar '848 Patent (in a deflated condition) |
|---|---|
|  | <br>FIG. 523 |
|  | <br>FIG. 539 |



30.     Upon information and belief, Anagram, Amscan, Party City and Amscan Holdings have infringed the '848 Patent by manufacturing, selling and offering to sell Defendants' Infringing Product Line, and by inducing others to use, sell and offer to sell Defendants' Infringing Product Line – all in violation of 35 U.S.C. § 271.

31.     Upon information and belief, Anagram, Amscan, Party City and Amscan Holdings committed the acts of patent infringement hereinabove alleged willfully and in bad faith disregard of Northstar's rights.

32.     Upon information and belief, defendants each profited from their infringement of the '848 Patent.

33.     Northstar has no adequate remedy at law.

10

Case 7:14-cv-03500-NSR   Document 1   Filed 05/15/14   Page 11 of 13

## SECOND CAUSE OF ACTION

### (Unfair Competition Under New York State Common Law)

34.     Northstar repeats and re-alleges that allegations contained in Paragraphs 1 through 33 as if fully set forth herein.

35.     In manufacturing the Northstar Typeface, Northstar utilizes custom, precision-cut dies that were created within Northstar's facility specifically for the Northstar Typeface.

36.     The Northstar Typeface is the byproduct of an intensive creative and artistic design process by Northstar, and embodies a valuable property right and commercial advantage belonging to Northstar.

37.     Northstar and Anagram/Amscan market their respective product lines to the same category of institutional buyers of balloons – specifically, independently-owned retail store chains and wholesale distributors of party goods.

38.     Upon information and belief, the independently-owned retail store chains and wholesale distributors of party goods to which Anagram and Amscan market Defendants' Infringing Product Line primarily associate the Northstar Typeface with balloons that are manufactured by Northstar.

39.     Upon information and belief, Anagram and Amscan market Defendants' Infringing Product Line to institutional buyers (and Party City and Amscan Holdings market Defendants' Infringing Product Line to the public) under the same brand name – SuperShape™ – they used for Defendants' Pre-Infringement Product Line.

40.     By marketing Defendants' Infringing Product Line under the SuperShape™ brand name, defendants have misrepresented the Northstar Typeface as their own.

11

41.     Defendants' misappropriation of the Northstar Typeface creates a likelihood that the independently-owned retail store chains and wholesale distributors of party goods to which the parties sell their respective product lines will be confused about the source of the Northstar Typeface and/or origin of the parties' products.

42.     By reason of the foregoing, defendants have engaged in unfair competition in regards to Northstar, and have misappropriated a valuable property and commercial advantage belonging to Northstar.

43.     Northstar has no adequate remedy at law.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Northstar demands trial by jury of all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Northstar respectfully prays for judgment against Amscan, Amscan Holdings, Anagram, Party City and XYZ Companies (collectively, for purposes of this Prayer for Relief, "Defendants") as follows:

A.     Finding that United States Patent No. D 695,848 was duly and legally issued by the United States Patent and Trademark Office and is valid and enforceable.

B.     Finding that Defendants have infringed United States Patent No. D 695,848 and that such infringement was been willful;

C.     Pursuant to 35 U.S.C. § 283 and the common law of the State of New York, awarding Northstar a preliminary and permanent injunction enjoining Defendants, and their respective agents, servants, and employees, and all those in active concert and participation with them, from infringing the '848 Patent;

D.     Pursuant to 35 U.S.C. § 289, awarding Northstar the total profit realized by each of Amscan, Amscan Holdings, Anagram, Party City and XYZ Companies – directly or indirectly – in selling Defendants' Infringing Product Line or in exposing Defendants' Infringing Product Line for sale;

E.     Directing that each such award of profits be enhanced to the maximum available for each infringement in view of each of Defendants' willful infringement of Northstar's rights;

F.     Awarding Northstar its attorney's fees, costs and disbursements incurred in connection with this civil action; and

G.     Awarding Northstar such other and further relief as the Court may deem just, proper and equitable under the circumstances.

Dated: Ossining, New York
       May 15, 2014

Respectfully submitted,

COLLEN IP
Attorneys for Plaintiff, Northstar Balloons LLC

The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10158
Telephone: (914) 941-5668

By:_____
    Joshua Paul – jpaul@collenip.com
    Lisa A. McAndrews – lmcandrews@collenip.com

13