IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHSTAR BALLOONS, LLC,<br><br>     *Plaintiff*,<br><br>  v.<br><br>AMSCAN INC., AMSCAN HOLDINGS, INC.,<br>ANAGRAM INTERNATIONAL, INC.,<br>PARTY CITY CORPORATION, and XYZ<br>COMPANIES 1 through 10,<br><br>     *Defendants*. | C.A. No.: 14-cv-3500 (NSR)<br><br>**ECF Case** |

## DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS

Defendants Amscan, Inc. ("Amscan"), Amscan Holdings, Inc. ("Amscan Holdings"), Anagram International, Inc. ("Anagram") and Party City Corporation ("Party City") (collectively, "Defendants"), by and through their undersigned counsel, as and for their Answer, Affirmative Defenses and Counterclaims to Plaintiff Northstar Balloons, LLC's ("Northstar or Plaintiff") Complaint, respond and state as follows:

## ANSWER

1. Defendants admit the allegation in Paragraph 1 of the Complaint as to the nature of the Complaint, but deny each and every other allegation made therein.

2. Defendants are without knowledge to confirm or deny the allegations contained in Paragraph 2 of the Complaint and therefore deny the same.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit the allegations in Paragraph 4 of the Complaint.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

6. Defendants admit the allegations in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint states a legal conclusion to which no response is required. Defendants deny all remaining allegations in Paragraph 7 of the Complaint.

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore deny the same.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. Defendants deny all remaining allegations in paragraph 10 of the Plaintiff's Complaint.

11. Paragraph 11 of the Complaint states a legal conclusion to which no response is required. Defendants deny all remaining allegations in paragraph 11 of the Plaintiff's Complaint.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. Defendants deny all remaining allegations in paragraph 12 of the Plaintiff's Complaint.

13. Paragraph 13 of the Complaint states a legal conclusion to which no response is required. Defendants deny all remaining allegations in paragraph 13 of the Plaintiff's Complaint.

## PLAINTIFF'S FIRST CAUSE OF ACTION

14. Defendants repeat their responses to Paragraphs 1 through 13 as if fully set forth herein.

15. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore deny the same.

16. Defendants admit the allegations in Paragraph 16 of the Complaint.

17. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore deny the same.

18. Defendants admit the allegations in Paragraph 18 of the Complaint.

19. Defendants admit that Exhibit 1 includes a copy of U.S. Patent No. D695,848 and the document speaks for itself.  Defendants deny all other allegations in Paragraph 19 of the Complaint.

20. U.S. Patent No. D695,848 is a legal document that speaks for itself.  Defendants deny the allegations in Paragraph 20 of the Complaint.

21. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore deny the same.

22. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint, and therefore deny the same.

23. Defendants admit that Anagram manufactured and Party City sold balloons in the form of numbers as early as 2005.  Defendants deny all other allegations in Paragraph 23 of the Complaint.

24. Defendants admit that balloons in the form of numbers were sold under the name SuperShape.  Defendants deny all other allegations in Paragraph 24 of the Complaint.

25. Defendants deny the allegations in Paragraph 25 of the Complaint.

26. Defendants admit that Party City sold balloons in the form of numbers in 2014.  Defendants deny all remaining allegations in Paragraph 26 of the Complaint.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29 of the Complaint, and therefore deny the same.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint.

32. Defendants deny the allegations in Paragraph 32 of the Complaint.

33. Defendants deny that Northstar is entitled to any remedy and, therefore, deny the allegations in Paragraph 33 of the Complaint.

## PLAINTIFF'S SECOND CAUSE OF ACTION

34. Defendants repeat their responses to Paragraphs 1 through 33 as if fully set forth herein.

35. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore deny the same.

36. Defendants deny the allegations in Paragraph 36 of the Complaint.

37. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 of the Complaint, and therefore deny the same.

38. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38 of the Complaint, and therefore deny the same.

39. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the Complaint, and therefore deny the same.

40. Defendants deny the allegations in Paragraph 40 of the Complaint.

41. Defendants deny the allegations in Paragraph 41 of the Complaint.

{00715/609043-000/01180693.1}

42. Defendants deny the allegations in Paragraph 42 of the Complaint.

43. Defendants deny that Northstar is entitled to any remedy and, therefore, deny the allegations in Paragraph 43 of the Complaint.

44. Defendants deny that Northstar is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

As and for their Affirmative Defenses, Defendants allege as follows:

### First Affirmative Defense

45. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

46. Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of estoppel.

### Third Affirmative Defense

47. Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of waiver.

### Fourth Affirmative Defense

48. Plaintiff is not entitled to the relief requested in the Complaint, in whole or in part, by virtue of the doctrine of acquiescence and/or laches.

### Fifth Affirmative Defense

49. Plaintiff is not entitled to any of the relief requested in the Complaint because it sustained no injury or damages.

### Sixth Affirmative Defense

50. Plaintiff is not entitled to any of the relief requested in the Complaint because it failed to comply with the marking statute.

### Seventh Affirmative Defense

51. Plaintiff is not entitled to any relief requested in the Complaint because it comes to court with unclean hands.

### Eighth Affirmative Defense

52. Balloons in the shape of numbers are generic term and therefore cannot support Plaintiff's claim for unfair competition.

### Ninth Affirmative Defense

53. Defendants hereby give notice that they intend to rely on such other and further defenses as may become available or apparent during discovery in this case, and they hereby reserve the right to amend their Answer to assert any such defenses.

## DEFENDANTS' COUNTERCLAIMS

### Facts Common to All Counts

54. The patent in suit, U.S. Patent No. D695,848 ("the '848 patent"), includes 576 figures and includes a single claim purporting to cover "the ornamental design for balloon letters and numbers, as shown and described" in those 576 figures.

55. Those 576 figures "show and describe" letters A through Z and numbers 0 through 9 in both inflated and deflated conditions.

56. Despite the '848 patent having a single claim directed to an entire set of letters AND numbers, in both the inflated AND deflated condition, Northstar's Complaint merely

{00715/609043-000/01180693.1}

alleges infringement of the figures showing the numbers 1, 2, 3, 4, 5, 6, 7 and 0 in the deflated condition only.

57.     Northstar fails to allege that Defendants infringe any letters, either in the inflated or deflated condition, the numbers 8 or 9 in either the inflated or deflated condition, or the numbers 1, 2, 3, 4, 5, 6, 7 and 0 in the inflated condition despite the fact that the single claim in the '848 patent is directed to the entire set of letters and numbers in both the inflated and deflated conditions.

58.     The comparison chart below shows illustrations of the inflated numbers in the '848 patent and illustrations of Defendants balloons at issue, and, as can be readily seen, Defendants balloons are drastically different visually from the balloons illustrated in the '848 patent.



59.     Upon information and belief, the inventor Gary Kieves is also an executive employee of Northstar.

60.     Upon information and belief, the Gary Kieves listed as inventor of the '848 patent is the same Gary Kieves that was formally an employee and an officer of Defendant Anagram.

61. Upon information and belief, as an employee of Anagram, Mr. Kieves was well aware of prior art sets of balloon numbers including balloon numbers manufactured by Anagram at least as early as 2006. Copies of the relevant portions of the prior art seen in 2006, 2009, and 2011 catalogs are provided as **Exhibit A**.

The number sets for those years are reproduced below:



62. As a listed inventor of the '848 patent, Mr. Kieves had a duty of disclosure to provide all known material prior art references to the U.S. Patent Office.

63. Upon information and belief, including a review of the prior art references listed on the '848 patent, Mr. Kieves did not disclose the 2006, 2009, and 2011 prior art balloon designs to the Patent Office.

**FIRST COUNTERCLAIM FOR RELIEF**
**Declaration of Non-Infringement of U.S. Patent No. D 695,848**

64. Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

65. Defendants have not directly infringed any valid claim of the '848 patent, either literally or under the doctrine of equivalents, have not induced infringement of any valid claim of the '848 patent, and has not committed acts constituting indirect or contributory infringement of any valid claim of the '848 patent.

66. Defendants do not infringe the '848 patent for at least the reason that the '848 patent contains a single claim that encompasses a set of all numbers and letters illustrated in the patent and Plaintiff has not alleged that Defendants infringe all letters and numbers, as required by the claim of the '848 patent, nor can Plaintiff so allege.

67. The single claim in the '848 patent encompasses the design for each number in both the inflated and deflated conditions.

68. Plaintiff has not alleged that Defendants' design includes all the elements of the claimed invention by omitting any allegations that Defendants' design infringes the balloons in the inflated condition or any equivalent thereof, nor can Plaintiff so allege.

69. This is an exceptional case entitling Defendants to an award of attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

70. Plaintiff Northstar committed willful acts of inequitable conduct before the USPTO in the fraudulent procurement of the '848 patent and is liable for any fee award granted pursuant to 35 U.S.C. § 285.

71. A judicial declaration that Defendants' activities and products have not resulted in infringement of any valid claim of the '848 patent is necessary and appropriate.

## SECOND COUNTERCLAIM FOR RELIEF
**Declaration of Invalidity of U.S. Patent No. D 695,848**

72. Defendants incorporate by reference each and every preceding paragraph as if fully set forth herein.

{00715/609043-000/01180693.1}

73. Upon information and belief, the invention disclosed in the '848 patent is not patentable over prior art known and existing since at least 2005.

74. Upon information and belief, Plaintiff was aware of prior art in existence since at least 2005 during the time Plaintiff prosecuted the '848 patent before the USPTO.

75. Upon information and belief, each and every claim of the '848 patent that Plaintiff avers to have been infringed by Defendants is invalid under one or more provisions of the U.S. Patent Laws, including, without limitation, 35 U.S.C. §§ 101, 102, 103, and/or 112, or under U.S. case law, including, without limitation, the doctrine of prosecution history disavowal.

76. Upon information and belief, the '848 patent is unenforceable because Plaintiff, *inter alia*, failed to comply with its duty of disclosure to the USPTO during the prosecution of the '848 patent.

77. This is an exceptional case entitling Defendants to an award of its attorneys' fees incurred in connection with this action pursuant to 35 U.S.C. § 285.

78. Plaintiff Northstar committed willful acts of inequitable conduct before the USPTO in the fraudulent procurement of the '848 patent by willfully and deceptively withholding material prior art from the USPTO of which it was aware, rendering the '848 patent invalid, and Plaintiff is liable for any fee award granted pursuant to 35 U.S.C. § 285.

79. A judicial declaration that the '848 patent is invalid is necessary and appropriate.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment against Plaintiff as follows:

A. An Order declaring that:

　i. Defendants have not infringed any valid patent rights owned by Plaintiff;

　ii. Defendants have not unfairly competed against Plaintiff;

    iii.    Plaintiff's U.S. Patent No. D695,848 is invalid and unenforceable;

    iv.    Plaintiff is not entitled to any recovery for any conduct by Defendants;

    v.    Plaintiff is not entitled to any recovery for any conduct by anyone in privity with Defendants;

    vi.    Plaintiff, its officers, agents, servants, employees and attorneys, and those persons in active concert or participation or otherwise in privity with it, be permanently enjoined and restrained from instituting, prosecuting or threatening any action against Defendants or anyone in privity with them with respect to any use of number balloons.

B.    An award to Defendants of attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

C.    Such other and further relief as the Court may deem just and proper.

### JURY TRIAL DEMANDED

Defendants demand a jury trial on all issues so triable by jury.

Dated:    June 30, 2014
           White Plains, New York

Respectfully submitted,

*/s/ Paul Fields*

Paul Fields
William R. Thornewell
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Phone: (914) 288-0022
Fax: (914) 288-0023
Email: Fields@LeasonEllis.com

*Attorneys for Defendants*

{00715/609043-000/01180693.1}

## **CERTIFICATE OF SERVICE**

I, Paul Fields, hereby certify that on June 30, 2014, a true and correct copy of the foregoing DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS was served by email via operation of the Court's ECF filing system, upon the following counsel of record for Plaintiff:

>Joshua Paul
>Lisa A. McAndrews
>COLLEN IP
>The Holyoke-Manhattan Building
>Ossining, NY 10562
>jpaul@collenip.com
>lmcandrews@collenip.com
>
>*Attorneys for Plaintiff Northstar Balloons, LLC*

_____
Paul Fields
LEASON ELLIS LLP
One Barker Avenue, Fifth Floor
White Plains, New York 10601
Telephone: (914) 288-0022
Facsimile: (914) 288-0023
Email: Fields@LeasonEllis.com