UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHSTAR BALLOONS LLC,<br><br>                Plaintiff,<br><br>        v.<br><br>AMSCAN INC.,<br>AMSCAN HOLDINGS INC.,<br>ANAGRAM INTERNATIONAL, INC.,<br>PARTY CITY CORPORATION,<br>and XYZ COMPANIES 1 through 10,<br><br>                Defendants. | Civil Action No. 14-cv-3500 (NSR)<br><br><br>**NORTHSTAR'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIMS** |

Plaintiff Northstar Balloons LLC ("Northstar"), as and for its Answer and Affirmative Defenses to the Amended Counterclaims dated August 1, 2014 filed by defendants Amscan Inc., Amscan Holdings Inc., Anagram International, Inc. and Party City Corporation (Docket Entry # 21), alleges:

**Facts Common to All Counts**

56.     Northstar admits defendants' allegation that the '848 Patent contains 576 figures. The '848 Patent is in all other respects a legal document that speaks for itself, and, on that basis, Northstar denies the remaining allegations contained in Paragraph 56 of the Amended Counterclaims.

57.     The '848 Patent is a legal document that speaks for itself, and, on that basis, Northstar denies the allegations contained in Paragraph 57 of the Amended Counterclaims.

58. The '848 Patent is a legal document that speaks for itself, and, on that basis, Northstar denies the allegations contained in Paragraph 58 of the Amended Counterclaims.

59. The '848 Patent and Northstar's complaint are legal documents that speak for themselves, and, on that basis, Northstar denies the allegations contained in Paragraph 59 of the Amended Counterclaims.

60. Northstar denies knowledge or information sufficient to form a belief about the truth of defendants' allegation that the figures shown on the chart's top row are "illustrations of Defendants' balloons at issue."  Northstar denies the remaining allegations contained in Paragraph 60 of the Amended Counterclaims.

61. With respect to the allegations contained in Paragraph 61 of the Amended Counterclaims, Northstar admits that Garry Kieves is an inventor of the invention that is covered by the '848 Patent, but denies the allegation that Mr. Kieves is an executive employee of Northstar.

62. Northstar admits that Mr. Kieves was employed by Anagram from 1977 when he founded Anagram until no later than 2003, and that Mr. Kieves was an officer of Anagram during this period.  The '848 Patent is a legal document that speaks for itself, and, on that basis, Northstar denies the remaining allegations contained in Paragraph 62 of the Amended Counterclaims.

63. With respect to the allegations contained in Paragraph 63 of the Amended Counterclaims, Northstar denies that Mr. Kieves was employed by or was otherwise actively involved in Anagram's business at any time after 2003.  Defendants' allegation that Mr. Kieves was "well aware of sets of balloon numbers including balloon numbers manufactured by

Anagram at least as early as 2006" is vague and susceptible to conflicting interpretations, and, on that basis, Northstar denies said allegations. The remaining statements of Paragraph 63 are not allegations within the meaning of Fed. R. Civ. P. 8(b)(1)(B), and therefore no response is required thereto.

64. With respect to the allegations contained in Paragraph 64 of the Amended Counterclaims, Northstar is unable to plead responsively thereto because the Amended Counterclaims nowhere defines the phrase "2006 Balloons." However, to the extent that, by "2006 Balloons," defendants mean the number shaped balloons shown on page 3 of Exhibit A attached to the Amended Counterclaims, Northstar denies that Mr. Kieves was aware of such "2006 Balloons."

65. With respect to the allegations contained in Paragraph 65 of the Amended Counterclaims, Northstar is unable to plead responsively thereto because the Amended Counterclaims nowhere define the phrase "2009 Balloons." However, to the extent that, by "2009 Balloons," defendants mean the silver-colored number shaped balloons shown on pages 9 and 10 of Exhibit A attached to the Amended Counterclaims, Northstar admits that Mr. Kieves was aware of such "2009 Balloons" prior to June 14, 2012 but denies the materiality of such awareness.

66. With respect to the allegations contained in Paragraph 66 of the Amended Counterclaims, Northstar is unable to plead responsively thereto because the Amended Counterclaims nowhere define the phrase "2011 Balloons." However, to the extent that, by "2011 Balloons," defendants mean the number shaped balloons shown on pages 5 and 7 of Exhibit A attached to the Amended Counterclaims, Northstar admits that Mr. Kieves was aware of such "2011 Balloons" prior to June 14, 2012 but denies the materiality of such awareness.

67. Paragraph 67 of the Amended Counterclaims states a legal conclusion to which no response is required.

68. Northstar admits that it did not provide the Patent Office with information about the balloons that are shown in Exhibit A, but denies the materiality of its not doing so. Northstar denies the remaining allegations contained in Paragraph 68 of the Amended Counterclaims.

**DEFENDANTS' FIRST COUNTERCLAIM**

69. Northstar repeats its responses to Paragraphs 56 through 68 as if fully set forth herein.

70. Northstar denies the allegations contained in Paragraph 70 of the Amended Counterclaims.

71. Northstar's Amended Complaint is a legal document that speaks for itself, and, on that basis, Northstar denies the allegations contained in Paragraph 71 of the Amended Counterclaims.

72. The allegations contained in Paragraph 72 of the Amended Counterclaims presuppose an erroneous legal construction of the '848 Patent and otherwise state legal conclusions to which no response is required. To the extent a response is required, Northstar denies the allegations contained in Paragraph 72.

73. Northstar's Amended Complaint is a legal document that speaks for itself, and, on that basis, Northstar denies the allegations contained in Paragraph 73 of the Amended Counterclaims.

74. The allegations contained in Paragraph 74 of the Amended Counterclaims presuppose an erroneous legal construction of the '848 Patent and otherwise state legal

conclusions to which no response is required. To the extent a response is required, Northstar denies the allegations contained in Paragraph 74.

75. Northstar denies the allegations contained in Paragraph 75 of the Amended Counterclaims.

76. The allegations contained in Paragraph 76 of the Amended Counterclaims presuppose an erroneous legal construction of the '848 Patent and otherwise state legal conclusions to which no response is required. To the extent a response is required, Northstar denies the allegations contained in Paragraph 76.

77. The allegations contained in Paragraph 77 of the Amended Counterclaims presuppose an erroneous legal construction of the '848 Patent and otherwise state legal conclusions to which no response is required. To the extent a response is required, Northstar denies the allegations contained in Paragraph 77.

78. Northstar's Amended Complaint is a legal document that speak for itself, and, on that basis, Northstar denies the allegations contained in Paragraph 78 of the Amended Counterclaims that purport to characterize Northstar's Amended Complaint.

79. Northstar denies the allegations contained in Paragraph 79 of the Amended Counterclaims.

80. Northstar denies the allegations contained in Paragraph 80 of the Amended Counterclaims.

81. Northstar denies the allegations contained in Paragraph 81 of the Amended Counterclaims.

## **DEFENDANTS' SECOND COUNTERCLAIM**

82. Northstar repeats its responses to Paragraphs 56 through 81 as if fully set forth herein.

83. Northstar denies the allegations contained in Paragraph 83 of the Amended Counterclaims.

84. Paragraph 84 of the Amended Counterclaims states a legal conclusion to which no response is required. Northstar denies the remaining allegations contained in Paragraph 84.

85. Northstar denies the allegations contained in Paragraph 85 of the Amended Counterclaims.

86. Northstar denies the allegations contained in Paragraph 86 of the Amended Counterclaims.

87. Northstar denies the allegations contained in Paragraph 87 of the Amended Counterclaims.

88. Northstar denies the allegations contained in Paragraph 88 of the Amended Counterclaims.

89. Northstar denies the allegations contained in Paragraph 89 of the Amended Counterclaims.

## **AFFIRMATIVE DEFENSES**

### First Affirmative Defense

The Amended Counterclaims fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

Defendants have not pleaded the circumstances underlying Northstar's alleged acts of fraud or conditions of mind with particularity, as required by Fed. R. Civ. P. 9(b).

### Third Affirmative Defense

Defendants have not pleaded the circumstances underlying Northstar's alleged inequitable conduct with particularity, as required by Fed. R. Civ. P. 9(b).

### Fourth Affirmative Defense

Northstar at all times acted in good faith in communicating with the Patent Office during the prosecution of U.S. Design Patent Application No. 29/424,744.

### Fifth Affirmative Defense

Northstar at all times acted in good faith in communicating with the Patent Office during the prosecution of U.S. Design Patent Application No. 29/429,818.

### Sixth Affirmative Defense

Northstar disclosed all relevant and material prior art to the Patent Office in the course of prosecuting U.S. Patent Application Nos. 29/424,744.

### Seventh Affirmative Defense

Northstar disclosed all relevant and material prior art to the Patent Office in the course of prosecuting U.S. Patent Application Nos. 29/429,818.

### Eighth Affirmative Defense

Defendants are not entitled to the relief requested in the Amended Counterclaims, in whole or in part, because they come to court with unclean hands.

### Ninth Affirmative Defense

Defendants have misconstrued the scope, coverage and meaning of the '868 Patent.

### Tenth Affirmative Defense

Northstar hereby gives notice that it intends to rely on such other and further defenses as may become available or apparent during discovery in this civil action.

### **JURY DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Northstar demands trial by jury of all issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE**, Northstar respectfully prays for judgment against Defendants, as follows:

A.   Dismissing Defendants' Amended Counterclaims with prejudice.

B.   Awarding to Northstar attorneys' fees and costs incurred in connection with this action pursuant to 35 U.S.C. § 285.

C.   Such other and further relief as the Court may deem necessary, just and proper.

Dated:  Ossining, New York   Respectfully submitted,
             September 2, 2014

COLLEN IP
*Attorneys for Plaintiff Northstar Balloons LLC*

The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10158
Telephone:  (914) 941-5668

By:____ /s/ Joshua Paul ____
      Joshua Paul - jpaul@collenip.com
      Jess M. Collen – jcollen@collenip.com
      Lisa A. McAndrews – lmcandrews@collenip.com

**CERTIFICATE OF SERVICE**

    Joshua Paul, being a member of the Bar of this Court, certifies that on September 2, 2014 he caused a true and correct copy of the foregoing NORTHSTAR'S ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COUNTERCLAIMS to be served by email and by operation of the Court's ECF filing system upon the following attorneys for defendants:

        Paul Fields, Esq. – Fields@LeasonEllis.com
        William R. Thornewell, Esq. - Thornewell@leasonellis.com
        LEASON ELLIS LLP
        One Barker Avenue, Fifth Floor
        White Plains, New York 10601

                _____
                        JOSHUA PAUL

Executed:    September 2, 2014