UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NORTHSTAR BALLOONS LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>AMSCAN INC.,<br>AMSCAN HOLDINGS INC.,<br>ANAGRAM INTERNATIONAL, INC.,<br>PARTY CITY CORPORATION,<br>and XYZ COMPANIES 1 through 10,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 14 Civ. 3500 (NSR)<br><br>**JOINT REPORT BEFORE RULE 16 CONFERENCE** |

Counsel for Plaintiff Northstar Balloons LLC ("Northstar") and Defendants Amscan Inc., Amscan Holdings Inc., Anagram International, Inc., and Party City Corporation (collectively, "Party City Companies") jointly submit this Joint Report prior to the September 10, 2014 initial conference with Judge Román. This Joint Report addresses issues from three sets of rules: (i) Judge Román's Individual Practices and standard form of Civil Case Discovery Plan and Scheduling Order; (ii) the Court's Pilot Project Regarding Case Management Techniques for Complex Civil Cases;[1] and (iii) the Court's Local Patent Rules.[2]

## I. THE PARTIES' CLAIMS AND COUNTERCLAIMS

1.　　Northstar's amended complaint (Docket Entry 18, filed July 21, 2014) contains two causes of action. Generally, in the first cause of action Northstar alleges that it owns a

---

[1] The case has been designated for inclusion in the Pilot Project. *See* Docket Entry 3.

[2] Northstar's amended complaint contains a cause of action for patent infringement under 35 U.S.C. § 271.



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/10/2014

patent on a typeface as applied to balloon shaped as letters and numbers (the "'848 Patent") and that a collection of numbered balloons manufactured and sold by the Party City Companies infringes the '848 Patent. Northstar's second cause of action alleges (again, in general terms) that independent retail store chains and wholesalers of party goods to whom Northstar and the Party City Companies distribute the respective product lines are likely to be confused about the source of the parties' products – in violation of New York State common law of unfair competition.

2.  The Party City Companies' answer to Northstar's amended complaint (Docket Entry 21, filed August 1, 2014) denies all material allegations contained in the amended complaint and raises ten affirmative defenses to liability. The Party City Companies' responsive pleading contains two counterclaims for declaratory relief against Northstar. Generally, in their first counterclaim, the Party City Companies seek a declaration that their numbered balloons do not infringe any valid claim of the '848 Patent. The second counterclaim seeks (again, in general terms) a declaration that the '848 Patent is invalid under one or more provisions of the U.S. Patent Laws or under U.S. case law, including, without limitation, the doctrine of prosecution history disavowal.

## II. GENERAL PROVISIONS

3.  The parties agree that: (i) the Court has personal jurisdiction over Northstar and over each of the Party City Companies; (ii) the Court has jurisdiction over the subject matter of all claims and counterclaims asserted in this action; (iii) venue is proper in the Southern District of New York; and (iv) the case has been properly assigned to the White Plains courthouse.

4.  This case is to be tried to a jury.

5.  The parties do not consent to trial before a Magistrate Judge. Judith C. McCarthy.

6. There are no pending motions.

7. No discovery has been noticed to date.

8. The parties have not engaged in settlement discussions to date.

9. All parties have initiated appropriate litigation "hold" directives.

10. The parties, upon receipt of initial discovery requests, will meet and confer as to the nature and quantity of documents responsive to same. The parties will thereafter determine whether such documents should be produced in paper, electronic and/or "native" format and will confer in good faith to find a mutually acceptable means and format for production. To the extent that a large quantity of electronically stored information ("ESI") is determined to be responsive to the parties' discovery requests, the parties will draft and submit a mutually-agreeable ESI Order to the Court designed to govern the collection and production of same.

11. At the present time, the parties do not foresee any significant discovery disputes that they will not be able to resolve themselves. However, to the extent the parties are unable to resolve a given dispute, they will seek a resolution from the Court in accordance with Judge Román's Individual Practices, the Court's Patent Rules, and the Pilot Project Rules.

### III. SCHEDULING

12. The parties believe that Initial Disclosures pursuant to Rule 26(a)(1) will be appropriate and useful in this case. The parties will exchange Initial Disclosures by September 23, 2014.

13. Northstar shall serve its "Disclosure of Asserted Claims and Infringement Contentions" (see Local Patent Rule 6) by October 15, 2014.

14. The Party City Companies shall serve their "Invalidity Contentions" (see Local Patent Rule 7) by November 17, 2014.

15. Motions to join additional parties shall be filed by December 10, 2014.

16. Motions to amend the pleadings shall be filed no later than December 10, 2014.

17. All fact discovery, including depositions of non-expert witnesses, shall be completed by May 29, 2015.

18. The parties shall serve disclosures of expert testimony required under Fed. R. Civ. P. 26(a)(2)(A)-(C) ("Principal Expert Reports") by July 15, 2015.

19. The parties shall serve rebuttal expert reports by August 14, 2015.

20. All expert discovery, including all expert depositions, shall be completed by October 2, 2015.

Dated: Ossining, New York
September 3, 2014

COLLEN IP
*Attorneys for Plaintiff and Counterclaim Defendant, Northstar Balloons LLC*

By: _____
Joshua Paul – jpaul@collenip.com
Jess M. Collen – jcollen@collenip.com
Lisa A. McAndrews – lmcandrews@collenip.com
The Holyoke-Manhattan Building
80 South Highland Avenue
Ossining, New York 10562
Tel. (914) 941-5668

Dated: White Plains, New York
       September 3, 2014

>                    LEASON ELLIS LLP
>                    *Attorneys for Defendants and Counterclaim Plaintiffs,*
>                    *Amscan Inc., Amscan Holdings, Inc., Anagram International,*
>                    *Inc. and Party City Corporation*
>
>                    By: /s/ [William R. Thornewell]
>                        Paul Fields – Fields@LeasonEllis.com
>                        William R. Thornewell -Thornewell@leasonellis.com
>                        One Barker Avenue, Fifth Floor
>                        White Plains, New York 10601

A case management conference is scheduled for Oct. 16, 2015 at 10:00 am.

Dated: Sept. 10, 2014
       White Plains, NY

SO ORDERED:

_____
HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE

5